[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: OBJECTION TO REQUEST TO AMEND ANSWER (#139)
The plaintiff, a contractor, who filed a mechanics lien against the defendant for services rendered on the defendant's home, objects to the defendant's request to amend her answer. Specifically, the plaintiff argues that the defendant's request to amend her answer in response to the plaintiff's third amended complaint should be denied because the defendant did not file an answer to the substitute complaint within the statutory time frame.
"When any pleading is amended the adverse party may plead thereto within the time provided by Section 10-8 or, if the adverse party has already pleaded, alter the pleading, if desired, within ten days after such amendment or such other time as the rules of practice, or the judicial authority, may prescribe, and thereafter pleadings shall advance in the time provided by that section. If the adverse party fails to plead further, pleadings already filed by the adverse party shall be regarded as applicable so far as possible to the amended pleading." Practice Book § 10-61. Here, the plaintiff filed his third amended complaint on April 12, 2000, adding counts two through five. The defendant, therefore, first had fifteen days to answer the plaintiff's third amended complaint as mandated in Practice Book § 10-8. The defendant, however, did not file an answer by April 27, 2000. Alternatively, Practice Book §10-61 provides the defendant ten days from the filing of the plaintiff's substitute complaint to amend its initial answer. This provision allowed the defendant to amend her August 19, 1999 answer by April 22, 2000 in order to address the new counts claimed by the plaintiff. Again, the defendant did not file, accordingly.
Practice Book § 10-61 allows for judicial discretion when appropriate. General Statues § 52-121 (a) provides in pertinent part: CT Page 13405 "[a]ny pleading in any civil action may be filed after the expiration of the time fixed by statute . . . until the court has heard any motion forjudgment by default or nonsuit for failure to plead which has been filed in writing with the clerk of the court in which the action is pending." (Emphasis added.). In this case, the plaintiff moved for a motion for default for failure to disclose a defense on June 19, 2000. This motion was subsequently denied. Therefore, because the motion for judgment by default was heard by the court, the defendant's amended answer may not be filed after the expiration of the statutory time frame. See General Statutes § 52-121 (a).
As the defendant has failed to file an answer or amended answer to the plaintiff's third amended complaint within the requisite time, the defendant's August 19, 1999 pleading is considered responsive to the substitute complaint pursuant to Practice Book § 10-61. The plaintiff's objection to the defendant's request to amend is hereby granted.
HICKEY, J.